WILLIAM F. STAFFORD, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 14313. Promulgated January 11, 1929.

*John F. McCarron, Esq.,* for the petitioner.
*Paul L. Peyton, Esq.,* for the respondent.

ARUNDELL: The respondent is contending that the returns filed for the taxable period do not meet the requirements of section 212 (b) of the Revenue Act of 1918, and since the petitioner failed to file a return within the meaning of the taxing act, the amount of tax due may be assessed at any time after the date prescribed for filing the return.

*Beck Engraving Co.*, 8 B. T. A. 897, relied upon by the respondent, is not controlling. There, the taxpayer kept its books and filed its return on the basis of a fiscal year ended April 30. On June 9, 1919, it filed a return for the calendar year 1918, and on or about October 26, 1919, filed a return for the fiscal year ended April 30, 1919. We held that the last return filed was the statutory return and that the statute of limitations began to run from the date it was filed. The controlling question was which one of the returns filed was the statutory return.

Here, the question is whether either return, or both of the returns when considered together, constitutes a statutory return. It is obvious that neither return, standing alone, can be regarded as the return for the taxable period, since neither purports to cover the full year.

At the time the first return was filed, the petitioner intended to change his accounting period from a calendar year to a fiscal year to correspond with the accounting period of the copartnership of which he was a member. This intention, according to the respondent's brief, was subsequently abandoned, resulting in the filing of a return for the months of 1918 not covered by the return previously filed. This return was filed on the accrual basis instead of the cash basis of the prior return.

No contention is being made that the returns are false or fraudulent or that the petitioner wilfully failed to file a return meeting the requirements of the statute in every particular. The returns, in fact, bear notations indicating that they were audited as the return of the petitioner and the deficiency appears to have been determined upon the basis of the returns filed. Apparently no action was contemplated or taken at any time by the respondent or the collector to file a return for petitioner such as they had a right to do by the provisions of section 3176 of the Revised Statutes in the event either official was of the opinion that no return had been filed under the taxing act.

In the case of *Mabel Elevator Co.*, 2 B. T. A. 517, the taxpayer filed a return for the fiscal year ended July 31, 1918, in accordance with its accounting methods. Thereafter, at the request of the Commissioner, the taxpayer filed returns on the calendar year basis, commencing with 1918, and the Commissioner prepared a return for the

taxpayer for the five-month period ended December 31, 1917. The Commissioner contended that the law required a return on the calendar year basis and that the return filed for the fiscal year ended July 31, 1918, was not a return for the period in 1917 ended December 31, against which the statute of limitations would run. In disposing of the question we said:

The return filed purported to be made in accordance with the law; it purported to and did include the income of the taxpayer for the period in question. In the absence of any evidence or claim that such return was false or fraudulent with intent to evade tax, it became the duty of the Commissioner to determine, within the time prescribed by law, whether or not such return was erroneous in any respect.

\* \* \* \* \* \* \*

If the limitation can be avoided on the plea that the return filed was not such a return as is required by law, although filed in good faith, there is no such assurance for the taxpayer and the limitation becomes of doubtful value at least. If the statute requires any interpretation great weight must be given to the purpose which it was obviously intended to accomplish.

In *United States* v. *Mabel Elevator Co.*, 17 Fed. (2d) 110, wherein the same question was decided, the court said that if the contention of the Government was sustained "there would practically be no period of limitation whatsoever, and every man who made an inaccurate return could have a deficiency assessed against him at any time, because an inaccurate return is not a return made strictly in compliance with the law". See *Bastrop Mercantile Co., Ltd.*, 7 B. T. A. 529, wherein a question similar to the one involved in the *Mabel Elevator Co.* cases was decided against the Commissioner.

We said in *Colmer-Green Lumber Co.*, 12 B. T. A. 256, that "The period of limitation prescribed by statute is one of repose and it should not lightly be construed to permit the respondent to reopen cases upon the ground that the return filed in good faith was not the return required by statute."

It is our opinion that under the circumstances present here, the returns, filed by the petitioner in good faith, substantially comply with the requirements of the statute.

Section 277 (a) (2) of the Revenue Act of 1926 provides that the amount of income tax imposed by the terms of the Revenue Act of 1918 should be assessed within five years after the return was filed. The second return covering the two months not theretofore reported was filed on March 12, 1920, and the deficiency in controversy was not determined until February 1, 1926, more than five years thereafter. It follows, therefore, that assessment of the deficiency is barred by the statute of limitations. Cf. *Paso Robles Mercantile Co.*, 12 B. T. A. 750, and *Lowenstein Brothers Garment Co.*, 13 B. T. A. 446.

Reviewed by the Board.

*Judgment will be entered for the petitioner.*